IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **EMMANUEL L. GILMORE,** | Case No. 1:17 CV 1487 |
| Petitioner, | Chief Judge Patricia A. Gaughan |
| v. | Magistrate Judge James R. Knepp, II |
| **KIMBERLY CLIPPER,** | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

*Pro se* Petitioner Emmanuel L. Gilmore ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") on July 14, 2017. (Doc. 1). Contemporaneously, Petitioner filed a motion for summary judgment, and memorandum in support. (Docs. 2, 2-1). Respondent Warden Kimberly Clipper ("Respondent") subsequently filed an Answer / Return of Writ (Doc. 8) and an opposition to the motion for summary judgment (Doc. 9); and Petitioner filed a Reply (Doc. 10). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated July 21, 2017). For the reasons discussed below, the undersigned recommends the Court DENY both the Petition (Doc. 1), and the motion for summary judgment (Doc. 2).

**PROCEDURAL HISTORY**

State Court Conviction

In August 2010, a Cuyahoga County, Ohio grand jury issued a sixteen-count indictment charging Petitioner with multiple counts of aggravated murder, kidnapping, and aggravated robbery. (Ex. 1, Doc. 8-1, at 3-19).

Prior to trial, pursuant to a negotiated plea agreement, Petitioner, his counsel, the prosecutor, and the trial court judge all signed a "Recommended Sentence" document. (Ex. 2, Doc. 8-1, at 20). The form recommended Petitioner receive: (1) ten years' imprisonment for an amended involuntary manslaughter conviction, plus three years mandatory and consecutive for an attached firearm specification; and (2) seven years' imprisonment for one kidnapping conviction and seven years' imprisonment for one aggravated robbery conviction, to run concurrent to each other, but consecutive to the involuntary manslaughter and firearm specification sentences. *Id.* The resulting recommended sentence was an aggregate 20-year prison sentence. *Id.*

Petitioner pled guilty in accordance with the negotiated plea agreement and the trial court convicted him of the amended involuntary manslaughter charge, kidnapping charge, and aggravated robbery charge. (Ex. 3, Doc. 8-1, at 21); *see also* Doc. 8-2 (transcript of plea and sentencing). The trial court nolled the remaining charges, and sentenced Petitioner in accordance with the sentencing recommendation. *Id.* Petitioner was sentenced September 12, 2011, and the sentencing entry was journalized on September 14, 2011. *Id.*

Direct Appeal

On August 19, 2016, Petitioner filed a *pro se* notice of appeal (Ex. 4, Doc. 8-1, at 23-29), and motion for leave to file a delayed appeal (Ex. 5, Doc. 8-1, at 30-36).[1] Petitioner listed three reasons for his failure to perfect a timely appeal:

1. The trial court failed to advise me that I had a right to appeal and a right to appointed appellate counsel.

2. My Trial counsel also failed to inform me that I had a constitutional right to appeal and a constitutional right to be appointed appellate counsel.

3. I was just brought aware of these rights on March 14, 2016 when informed by an inmate law clerk.

(Ex. 5, Doc. 8-1, at 33). Petitioner also filed a motion for appointment of counsel. (Ex. 6, Doc. 8-1, at 37-38). On September 7, 2016, the appellate court denied Petitioner leave to file a delayed appeal (Ex. 7, Doc. 8-1, at 44), and *sua sponte* dismissed his appeal (Ex. 8, Doc. 8-1, at 45).

Petitioner filed a timely notice of appeal of this decision to the Ohio Supreme Court. (Ex. 9, Doc. 8-1, at 46-48). He raised a single proposition of law in his memorandum in support of jurisdiction:

> The Eighth District Court of Appeals dismissing Appellant's motion for delayed appeal, sua sponte, with no pronouncement as to why; where *therein* Appellant had ensured to bring said appellate court properly aware that: the trial court had failed to advice [sic] appellant of his right to appeal, as well as his constitutional right to appointment of appellate counsel to file a timely notice of appeal – where therein constitutional violations would have been raised, e.g., the trial court failure to perform the mandated allied offense analysis. Thus, Appellant has been denied his United States Constitutional Rights under the Sixth and Fourteenth Amendment; as well as his Ohio Constitutional Rights under Art. I, § 16.

---

1. Both of these documents contain a statement by Petitioner that he mailed them on March 14, 2016, *see* Ex. 4, Doc. 8-1, at 24, and Ex. 5, Doc. 8-1, at 34, but the documents were stamped and docketed in the appellate court on August 19, 2016, *see* Ex. 4, Doc. 8-1, at 23; Ex. 5, Doc. 8-1, at 30; Ex. 14, Doc. 8-1, at 81 (appellate court docket). The difference does not affect the outcome of this decision.

3

The State waived response (Ex. 11, Doc. 8-1, at 63), and the Ohio Supreme Court on February 2, 2017, declined to accept jurisdiction of the appeal (Ex. 12, Doc. 8-1, at 64).

### FEDERAL HABEAS CORPUS

On July 5, 2017, Petitioner filed the instant Petition asserting a single ground:

> **GROUND ONE:** Petitioner was denied his right, under the United States and Ohio Constitutions, to appeal his state criminal conviction; where the trial court failed to advise him that he had: (1) a right to appeal; (2) a right to appointment of counsel, if he was unable to obtain counsel for an appeal; and (3) a right to have a notice of appeal timely filed on his behalf. Petitioner was diligent in filing a motion for delayed appeal: as so[on] as he was made aware of *said* appeal rights.
>
> **Supporting Facts:** Although Petitioner had plead [sic] guilty to his criminal charges; he still retained the right to appeal: (1) Abuse of Discretion by the trial court for violating his constitutional and statutory rights *during the guilty plea proceedings*; and (2) ineffective-assistance-of-trial-counsel, for violating his constitutional rights *during the guilty plea proceeding*.

(Doc. 1, at 3-4). In the motion for summary judgment filed concurrently with his Petition, Petitioner contends that the trial court's failure to advise him of his right to appeal violated his due process and equal protection rights under the federal Constitution. (Doc. 2, at 2). He asks this Court to "issue an order to the State of Ohio to provide Petitioner with his right to directly appeal the constitutional violations that occurred *during* his guilty plea proceedings – i.e., Abuse of Discretion by the Trial Court, as well as ineffective assistance of trial counsel." *Id.* at 1. Respondent opposed the summary judgment motion (Doc. 9), and filed an Answer/Return of Writ (Doc. 8). Petitioner filed a Reply. (Doc. 10).

### DISCUSSION

Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for habeas petitions brought by individuals challenging their state court

4

convictions. 28 U.S.C. § 2244(d). Under § 2244(d)(1), the limitations period begins to run from the latest of four events:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*§ 2244(d)(1)(A)*

Cases become final for purposes of § 2244(d)(1)(A) when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). Here, Petitioner's conviction became final on October 14, 2011—the expiration of the 30-day period for filing an appeal under Ohio Appellate Rule 4(A). *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-60 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2011)). The statute of limitations began running the following day—October 15, 2011—and expired one year later, on October 15, 2012, absent tolling. *See* Fed R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Thus, absent tolling or a different start date, the Petition—filed July 5, 2017—is time-barred.

5

*§ 2244(d)(1)(D)*

The only other potentially applicable subsection is subsection (D). If this subsection applies, the statute of limitations on a habeas petition begins running on "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Thus, the right to appeal may be considered the "factual predicate" of Petitioner's claim which is in doubt. Under § 2244(d)(1)(D), however, Petitioner "must show that he could not have discovered the factual predicate for his habeas claim earlier through the exercise of due diligence." *Bey v. Capello*, 525 F. App'x 405, 408 (6th Cir. 2013) (citing *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)); *see also Shorter v. Richard*, 659 F. App'x 227, 232 (6th Cir. 2016) ("In this case, Petitioner's sentencing—at which the district court failed to notify him of his appellate rights under Ohio law—triggered the duty of due diligence. Petitioner has given no explanation for the five-year delay in filing a Rule 5(A) motion, and has not mentioned anything he did to inquire about his potential appellate rights—after receiving the 2008 letter from his lawyer in mentioning the possibility of an appeal—save attaching an affidavit that he first learned of the possibility of appeal in 2013 from another inmate."). As the *Shorter* court explained, "[w]ith respect to Petitioner's delayed appeal claim, the factual predicate was the Ohio Court of Appeals' declining to hear his delayed appeal, and Petitioner indeed filed a habeas petition within a year of that denial. However, it is not at all clear whether that denial could have come sooner." 659 F. App'x at 232. The court further explained: "[f]or the petition to be timely, Petitioner would have to convince this Court that a diligent person in his circumstances would have delayed a full five years in filing his motion for direct appeal" and then found that Petitioner had "not [met] his burden of demonstrating due diligence to discover his appellate rights in the five-year period between his sentencing (and receiving the letter from his attorney), and the conversation with a

fellow inmate in 2013 that spurred Petitioner's motion for delayed appeal." 659 F. App'x at 232. Moreover, the court emphasized: "The burden of showing due diligence rests with the petitioner." *Id.* (citing *McSwain v. Davis*, 287 F. App'x 450, 454-55 (6th Cir. 2008).

Here, Petitioner was sentenced in September 2011. *See* Ex. 3, Doc. 8-1, at 21; Doc. 8-2. Respondent does not dispute that Petitioner was not advised by the trial court of his right to appeal. *See* Ex. 3, Doc. 8-1, at 21; Doc. 8-2. In his motion for leave to file a delayed appeal, filed on August 19, 2016, Petitioner asserted he had been "just brought aware of [his appellate] rights on March 14, 2016 when informed by an inmate law clerk." (Ex. 5, Doc. 8-1, at 33). In his motion for summary judgment, Petitioner asserts he "had only been brought aware of these rights in July of 2016 when informed by an inmate law clerk" (Doc. 2, at 2); *see also id.*, at 8. In the Petition, Petitioner contends he was "diligent in filing a motion for delayed appeal: as so[on] as he was made aware of *said* appeal rights." (Doc. 1, at 4).

The undersigned finds this fails to show Petitioner acted with the diligence necessary to discover his right to appeal, and thus trigger the later start date in § 2244(d)(1)(D). First, by Petitioner's own admission, he waited five months after learning of his appeal rights to file a motion for delayed appeal. Second, Petitioner offers no evidence of any efforts made from the time of his sentencing in September 2011 until almost five years later when he filed his motion for delayed appeal. *See Farraj v. Turner*, 2016 WL 5107076, at *2 (N.D. Ohio) ("[A] reasonably diligent prisoner in Farraj's shoes would have discovered that he had a right to appeal, if not immediately after entering his plea, then well before Farraj allegedly discovered that right in August, 2013" [over two-and-a-half years after his conviction became final in January 2010]); *Ray v. Bunting*, 2016 WL 6246235, at *2 (N.D. Ohio) ("Ray provides no evidence that he did anything to protect his rights following his sentencing, offering instead only conclusory allegations that he

7

did not learn of his right to appeal until 2014 [over two and a half years after sentencing]. He does not allege that he performed or attempted to perform any research or that he asked his lawyer about the possibility of appealing his sentence. Instead, Ray attempts to rely solely on the failure of the trial judge to inform him of his right to appeal."); *Archey v. Warden, Madison Corr. Inst.*, 2016 WL 7102980, at *4 (N.D. Ohio) ("Moreover, Petitioner fails to explain what action he took, if any, to learn about his right to appeal. He does not identify any factor that would have prevented him from learning about the right to appeal."), *report and recommendation adopted by* 2017 WL 39612; *Baker v. Wilson*, 2009 WL 313325, at *2 (N.D. Ohio) ("Furthermore, Petitioner has not shown that he was denied access to a law library or law clerks, and he has not advanced any reason as to why he could not have inquired of the law clerks about his appellate rights prior to September 2005" [almost three years after his conviction became final in December 2002]). Because Petitioner has failed to demonstrate that he exercised reasonable diligence in pursuing his rights, he is not entitled to a later start date to the limitations period under § 2244(d)(1)(D). Thus, his Petition is time-barred unless he can show a basis for tolling.

### *Statutory Tolling*

A properly filed post-conviction petition can serve to toll the statute of limitations in habeas cases. 28 U.S.C. § 2244(d)(2). A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as those prescribing the time limits for filing." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State courts are the final arbiters of whether a state collateral action is considered timely, and thus, properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A state post-conviction petition rejected by the state court on timeliness grounds is not properly filed and, therefore, it cannot serve as the basis for statutory tolling. *Allen v. Siebert*, 552

U.S. 3, 5 (2007). Once the statute of limitations expires, state collateral review proceedings can no longer serve to avoid the time-bar. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (internal quotation and citation omitted).

Statutory tolling does not assist Petitioner in this case. The one year period began on October 15, 2011, and expired uninterrupted one year later on October 15, 2012. It was not until August 19, 2016, just short of four years after the AEDPA statute of limitations expired, that Petitioner filed his untimely notice of appeal and motion for delayed appeal. *See* Exs. 4 & 5, Doc. 8-1, at 23-36. Thus, this does not provide a basis for tolling. *See Vroman*, 346 F.3d at 602.

### *Equitable Tolling*

Petitioner has the burden of establishing his entitlement to equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). To meet this burden, Petitioner must show that: 1) extraordinary circumstances prevented the filing of his petition, and 2) he was diligent in pursuing his case. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling should only be granted "sparingly". *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

As discussed above, the extraordinary circumstance Petitioner alleges is the trial court's and counsel's failure to inform him of his appellate rights. While Petitioner may have shown that the trial judge failed to inform him of his right to appeal, as reflected in the transcript from his sentencing, *see* Doc. 8-2, and the judgment entry, *see* Ex. 3, Doc. 8-1, at 21 , he has failed to show he was "pursuing his rights diligently." *See Holland*, 560 U.S. at 649. Similar to another case from this district, the undersigned finds Petitioner "spends a lot of time pointing to the failure of the trial judge [and counsel] to inform him of his right to appeal while giving [the Court] no explanation of his own efforts in pursing his rights." *Ray*, 2016 WL 6246235, at *2. Petitioner asserts he was

9

"diligent in filing a motion for delayed appeal: as so[on] as he was made aware of *said* appeal rights." (Doc. 1, at 4). This may show diligence in pursuing his rights after sometime in 2016, but Petitioner offers no evidence of his efforts to protect his rights between the filing of the trial court's sentencing entry in September 2011 and his filing of a motion for delayed appeal in August 2016.

Accordingly, the undersigned recommends the Court find Petitioner has not shown reasonable diligence, and therefore he is not entitled to equitable tolling. *See Holland*, 560 U.S. at 653.

*Actual Innocence*

A so-called gateway claim of actual innocence permits a federal habeas court to excuse the expiration of the statute of limitations and consider the merits of the petition. "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013). Petitioner makes no such argument regarding his actual innocence of the underlying charges to which he pled guilty. As such, the miscarriage of justice / actual innocence exception is not at issue.

Because the one-year AEDPA statute of limitations expired on October 15, 2012, and Petitioner has not shown entitlement to either statutory or equitable tolling, the Petition (Doc. 1)., filed on July 5, 2017, is time-barred.[2] And, because the Petition is time-barred, his motion for summary judgment on the claims made therein (Doc. 2) should similarly be denied.

---

2. The undersigned need not reach Respondent's alternative argument that Petitioner's claims are also procedurally defaulted because the Petition is untimely.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition (Doc. 1) and Petitioner's motion for summary judgment (Doc. 2) be denied.

s/James R. Knepp, II  
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).